IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James L. Padgett, Jr., | ) | C/A No. 0:10-1713-DCN-PJG |
|                 Plaintiff, | ) | |
| v. | ) | |
| Orangeburg County Sheriff's Dept.; Sheriff Larry Williams; Lt. Stokes; Director Willie Bamberg; Warden McKie; Robert Peele; Don West, Owner-Operator of West Towing Company; Unknown Defendant at Orangeburg County Detention Center, | ) | **ORDER** |
|                 Defendants. | ) | |

The plaintiff, James L. Padgett, Jr. ("Padgett"), a self-represented state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983. This matter comes before the court on Padgett's motions to compel. (ECF Nos. 36, 40, & 65.) Defendants Orangeburg County Sheriff's Department, Lt. Stokes, Unknown Defendant, and Sheriff Larry Williams ("the defendants")[1] filed a response (ECF No. 43) and Padgett filed a reply (ECF No. 46 & 47).

Based on the parties' filings, it appears that Padgett served his first set of interrogatories and requests for production on these defendants on July 15, 2010. Padgett filed a motion to compel on August 30, 2010, and the defendants responded to Padgett's discovery requests on September 14, 2010. Padgett filed a reply to his motion on September 30, 2010, stating that he had not received the defendants' discovery responses, and the court issued a docket text order directing the defendants

---

[1] Padgett was granted leave to amend his Complaint on March 11, 2011 to add Defendants Bamberg, McKie, Peele, and West; however Padgett's first and second set of discovery requests were served prior to the addition of these defendants.

Page 1 of 3



to re-serve Padgett with their responses to the plaintiff's July 2010 discovery requests. (ECF No. 31.) The defendants filed a certificate of service with the court on November 24, 2010 indicating that they had provided Padgett with their initial and supplemental responses to his first set of interrogatories and requests for production. (ECF No. 34.) On October 19, 2010, Padgett served the defendants with a second set of interrogatories and requests for production.

Padgett's motions appear to assert that all of the requested discovery material was not provided to him. Padgett argues that the defendants failed to answer his second set of interrogatories and requests for production. The defendants argue that these requests were untimely per the court's scheduling order, which set a discovery deadline of September 13, 2010.

With regard to his first set of discovery requests, Padgett asserts that the defendants never provided answers to Interrogatory Nos. 7-13. The defendants argue that this page of interrogatories was not timely provided to them. Additionally, Padgett alleges that the defendants have not provided him with a copy of the videotape of Padgett's May 27, 2009 arrest as specified in Production Request No. 7 and which Padgett contends did exist. Although they objected to this request, the defendants' September 30, 2010 response indicated that they would determine if this videotape existed and, if it did, would provide Padgett with a copy.

Having reviewed the parties' submissions, the court determines that Padgett's motions to compel should be granted in part and denied in part. It is therefore

**ORDERED** that to the extent Padgett seeks responses to interrogatories and requests for production which were not served prior to the discovery deadline, they are denied as those discovery requests are untimely pursuant to Local Civil Rule 37.01(A) DSC and the scheduling order in this

case. To the extent that Padgett's motions to compel seek responses to his first set of interrogatories and requests for production, it is

**ORDERED** that the defendants provide Padgett with answers to Interrogatory Nos. 7-13 of the plaintiff's first set of interrogatories on or before June 2, 2011. Additionally, the defendants shall provide an updated response to Production Request No. 7. The defendants shall file a certificate of service with the court indicating their compliance with this order. It is further

**ORDERED** that Padgett shall have until June 16, 2011 to supplement his response in opposition to the defendants' motion for summary judgment, if he so desires.

To the extent that Padgett's motions seek any additional responses or production, they are denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 18, 2011
Columbia, South Carolina