IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James L. Padgett, Jr.,<br><br>                  Plaintiff,<br><br>v.<br><br>Orangeburg County Sheriff's Dept.; Sheriff Larry Williams; Lt. Stokes; Director Willie Bamberg; Warden McKie; Robert Peele; Don West, *Owner-Operator of West Towing Company*; Unknown Defendant *at Orangeburg County Detention Center*,<br><br>                  Defendants. | C/A No. 0:10-1713-DCN-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, James L. Padgett, Jr. ("Padgett"), who is self-represented, filed a Complaint in the Court of Common Pleas in Richland County asserting violations of his property rights under the Fourteenth Amendment to the United States Constitution, as well as various state law claims. The defendants removed the case to federal district court pursuant to 28 U.S.C. § 1441, asserting jurisdiction based upon 28 U.S.C. § 1331. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation. Defendants Orangeburg County Sheriff's Department, Sheriff Larry Williams,[1] and Lt. Stokes (collectively "Sheriff's Department Defendants") filed a motion for summary judgment. (ECF No. 27.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Padgett of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately

---

[1] It appears that Padgett is suing Defendant Williams only in his official capacity as Sheriff. The court observes that Defendant Williams is deceased. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Sheriff Leroy Ravenell should be substituted for Sheriff Larry Williams as a defendant in this matter. The caption is hereby amended accordingly and future filings should reflect that change.

to the defendants' motion. (ECF No. 28.) Padgett filed a response in opposition and cross motion for partial summary judgment. (ECF No. 36.) Padgett moved for and was granted leave to amend his Complaint, asserting additional claims and adding defendants. (Am. Compl., ECF No. 52.) Having reviewed the parties' submissions, the court finds that the motion for summary judgment filed by the Sheriff's Department Defendants should be dismissed at this time with leave to re-file.

## BACKGROUND[2]

The allegations in Padgett's Amended Complaint stem from his arrest on or about May 7, 2009. Padgett alleges that at that time Defendant Stokes took possession of his wallet but failed to deliver it to the booking officer at the detention center. Padgett contends that the booking officer failed to provide him with a property sheet; failed to document when the wallet was received; and failed to inventory its contents. On August 10, 2009, Padgett alleges that his wallet was returned to him but that it was missing numerous cards, such as his debit and credit cards. As a result, Padgett argues that Defendant Stokes deprived him of his property without due process of law and failed to follow proper procedure in handling his wallet.

Padgett also alleges that Defendant Stokes violated state law in failing to notify him that his car had been towed. Further, Padgett asserts that Stokes, the Sheriff, and West failed to follow procedures allegedly required by state law relating to the impoundment of his car, including sending Padgett a notification that the car had been impounded and its location.

Padgett next alleges that Orangeburg County Detention Center failed to properly process his grievances, claiming that no one responded to his grievances concerning the location of his wallet and car. Padgett alleges that upon transfer on August 10, 2009, he was not permitted to mail or have

---

[2] For the purposes of this background the court has only included the allegations that pertain to the Sheriff's Department Defendants.

his family retrieve his personal items, which were later discarded when he arrived at the South Carolina Department of Corrections.

As a result of these actions, Padgett claims that these defendants were negligent and grossly negligent; that their actions were willful, wanton, and intentional; and that they breached their duty of care with regard to his property and denied him due process. Padgett seeks monetary damages from these defendants. (See generally Am. Compl., ECF No. 52.)

### DISCUSSION

On November 11, 2010, the Sheriff's Department Defendants filed a motion for summary judgment. Padgett responded, filed a cross-motion for summary judgment, and sought leave to amend his Complaint. The court granted Padgett's motion to amend his complaint, which raises additional related claims against these defendants and provides additional facts to support the claims raised in his original complaint. For example, Padgett alleges that Defendant Stokes deprived him of his property without due process of law and failed to follow proper procedure in handling his wallet, as well as allegations that his grievances were not responded to. (ECF No. 52.)

Following this amendment, neither the Sheriff's Department Defendants nor Padgett sought to supplement their motions for summary judgment to address these new claims. Further, Padgett alleges that he is unable to respond properly to the defendants' motion for summary judgment due to the defendants' alleged failure to adequately respond to his discovery requests. The court has granted in part Padgett's motions to compel the defendants to respond to some of these requests (ECF No. 66); however, it appears that Padgett may be alleging that the defendants have not complied with the court's order (see ECF No. 92).

In light of the facts that (1) the motions for summary judgment filed by the Sheriff's Department Defendants, as well as Padgett, fail to address all of the claims raised in this matter via

the Amended Complaint; (2) the Sheriff's Department Defendants have sought summary judgment in part based on their assertion that Padgett's Complaint failed to allege any specific or general acts or conduct by these defendants that violate his constitutional rights and his Amended Complaint contains additional factual allegations; and (3) there appears to be an unresolved discovery dispute, the court recommends that these motions for summary judgment be dismissed with leave to re-file.

## RECOMMENDATION

Based on the foregoing the court recommends that the summary judgment motion of the Sheriff's Department Defendants (ECF No. 27) and Padgett's cross motion for summary judgment (ECF No. 36) be dismissed with leave to re-file. If this recommendation is adopted, the court further recommends that the Sheriff's Department Defendants and Defendant Bamberg be directed to respond to Padgett's pending motion to compel (ECF No. 92) within ten days.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 26, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).