IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James L. Padgett, Jr., ) | C/A No. 0:10-1713-DCN-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Orangeburg County Sheriff's Dept.; Sheriff ) | |
| Leroy Ravenell; Lt. Stokes; Director Willie ) | |
| Bamberg; Warden McKie; Robert Peele; Don ) | |
| West, *Owner-Operator of West Towing* ) | |
| *Company*; Unknown Defendant *at Orangeburg* ) | |
| *County Detention Center*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, James L. Padgett, Jr. ("Padgett"), who is self-represented, filed a Complaint in the Court of Common Pleas in Richland County asserting violations of his property rights under the Fourteenth Amendment to the United States Constitution, as well as various state law claims. The defendants removed the case to federal district court pursuant to 28 U.S.C. § 1441, asserting jurisdiction based upon 28 U.S.C. § 1331. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation. Defendant Don West, *Owner-Operator of West Towing Company* ("West Towing")[1] filed a motion to dismiss or, alternatively, to remand. (ECF No. 60.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Padgett of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 63.) Padgett filed a response in opposition to the motion to dismiss and requested that his claims against West

---

[1] This defendant states that it is improperly identified and should be identified as West Towing, Inc.

Towing and Defendant Bamberg be remanded to state court. (ECF No. 86.) West Towing responded. (ECF No. 97.) Also pending before the court is Padgett's motion for a default judgment or judgment on the pleadings against Defendants McKie and Peele. (ECF No. 77.) Having reviewed the parties' submissions, the court finds that West Towing's motion to dismiss should be granted, and Padgett's motions for remand, default judgment, and judgment on the pleadings should be denied.

## BACKGROUND[2]

The allegations in Padgett's Amended Complaint stem from his arrest on or about May 27, 2009. Padgett alleges that Defendants Orangeburg County Sheriff's Department, the Sheriff,[3] Stokes, Bamberg, and an Unknown Defendant at the Orangeburg County Detention Center deprived him of his property without due process of law and failed to follow proper procedure in handling his property and/or grievances. Padgett further alleges that these defendants failed to comply with notification requirements allegedly required by state law concerning the towing and impoundment of his vehicle incident to his arrest. Padgett alleges that upon transfer on August 10, 2009, he was not permitted to mail or have his family retrieve his personal items, which were later discarded when he arrived at the South Carolina Department of Corrections. With regard to West Towing, Padgett asserts that West Towing failed to follow procedures allegedly required by state law relating to the impoundment of his car, including sending Padgett a notification that the car had been impounded and its location, and in allegedly overcharging Padgett for the impoundment. Finally, Padgett alleges

---

[2] For the purposes of this background the court has only included the allegations that are relevant to resolving the motions pending before the court.

[3] Sheriff Leroy Ravenell was substituted for Sheriff Larry Williams pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. (See Report and Recommendation, ECF No. 99 at 1 n.1) (adopted by Order, ECF No. 103).

that the Sheriff failed to comply with procedures allegedly required by state law by failing to provide West Towing with certain information concerning Padgett's vehicle. (See generally Am. Compl., ECF No. 52.)

## DISCUSSION

### A.     West Towing

West Towing argues that the court lacks subject matter jurisdiction over the claims that Padgett raises against it and, therefore, it should be dismissed as a defendant. West Towing asserts that pursuant to 28 U.S.C. § 1367(a) the claims against it are not "so related . . . that they form part of the same case or controversy under Article III of the United States Constitution." Alternatively, West Towing argues that if jurisdiction exists over these claims, then the court should decline to exercise supplemental jurisdiction.

In support of its motion, West Towing argues that the other defendants' failure to properly handle his personal property and grievances and failure to comply with alleged state law requirements concerning providing Padgett with notification as well as providing West Towing with certain information are separate and apart from whether West Towing complied with alleged state statutory requirements. In response, Padgett appears to address the fact that he has raised federal due process claims against the defendants generally. He further appears to argue that he alleged that the Sheriff and West Towing violated his Fourteenth Amendment rights. Therefore, Padgett requests that the court retain jurisdiction over all of his claims, or in the alternative, sever his claims against the Sheriff and West Towing and remand them to state court.

As an initial matter, there is no allegation in Padgett's Amended Complaint that West Towing is a state actor or has "a sufficiently close relationship with state actors such that a court

would conclude that the non-state actor is engaged in the state's actions." Debauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). Accordingly, Padgett has failed to state any federal claim against it.

Pursuant to 28 U.S.C. § 1367, the district courts "have supplemental jurisdiction over [state law] claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Whether federal and state law claims form part of the same case "is determined by whether they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding." Hinson v. Norwest Fin. South Carolina, Inc., 239 F.3d 611, 615 (4th Cir. 2001) (internal citation and punctuation omitted).

Upon review of the parties' arguments and the Amended Complaint in this matter, the court finds that Padgett's claims against West Towing do not derive from the same basic set of facts such that a plaintiff would expect to try them in one judicial proceeding. Accordingly, the court finds that there is no supplemental jurisdiction over the state law claims against West Towing. Moreover, even if supplemental jurisdiction existed, based on the distinct allegations in this matter the court recommends declining to exercise supplemental jurisdiction over these claims. Further, the court finds that dismissal without prejudice to be appropriate based on the procedural history of Padgett's claims against West Towing.

**B.     Defendants McKie and Peele**

Padgett has filed a motion for a default judgment or judgment on the pleadings (ECF No. 77) against Defendants McKie and Peele based on his allegation that these defendants were served with his Amended Complaint on or about April 19, 2011 and have failed to plead or otherwise defend. Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these

rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). The record shows that while service of process was authorized on Defendants McKie and Peele on April 19, 2011 (ECF No. 56), these defendants were served on June 14, 2011 (ECF No. 96) and timely filed an answer on June 29, 2011 (ECF No. 95). Accordingly, Padgett has failed to show that he is entitled to a default judgment or judgment on the pleadings.

## RECOMMENDATION

Based on the foregoing the court recommends granting West Towing's motion to dismiss (ECF No. 60) and denying Padgett's motion for default judgment or judgment on the pleadings (ECF No. 77). In light of this recommendation, the court further recommends that Padgett's motion to remand (ECF No. 86) be denied and West Towing's motion for a status conference (ECF No. 115) be terminated as moot.

                                                                              _____
                                                                              Paige J. Gossett
                                                                              UNITED STATES MAGISTRATE JUDGE

October 28, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).