**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| JAMES L. PADGETT, JR., ) | |
| ) | Civil No. 5:10-cv-1713 |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| ORANGEBURG COUNTY SHERIFF'S ) | |
| DEPARTMENT; SHERIFF LEROY ) | |
| RAVENELL; LT. STOKES; DIRECTOR ) | |
| WILLIE BAMBERG; WARDEN ) | |
| McKIE; ROBERT PEELE; DON WEST; ) | |
| AND UNKNOWN DEFENDANT, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Magistrate Judge Paige J. Gossett's Report and Recommendation (R&R) recommending that this court dismiss plaintiff's claims against defendant Don West, the owner of West Towing, and deny plaintiff's motion for a default judgment or judgment on the pleadings, and on Magistrate Judge Kaymani D. West's recommendation to dismiss defendants Warden McKie and Robert Peele. This court partially adopts and partially rejects Magistrate Judge Gossett's R&R and adopts Magistrate Judge West's R&R. For the reasons set forth below, this court denies plaintiff's motion for a default judgment or judgment on the pleadings, denies defendant West's motion to dismiss, finds as moot plaintiff's motion to remand, and dismisses the claims against defendants Warden McKie and Robert Peele with prejudice.

1

## I. STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). This court is not required to review under a *de novo* standard the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to her with instructions for further consideration. 28 U.S.C. § 636(b)(1). In the absence of an objection, the court reviews the magistrate judge's recommendations for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## II. DISCUSSION

No party has objected to the procedural history and background outlined in the R&R, and no clear error is apparent, therefore, the court adopts the magistrate judge's recitation of the facts.

### A. Motion to Dismiss or, in the Alternative, Motion to Remand

On May 13, 2011, defendant West filed a motion to dismiss or, alternatively, to remand, claiming that this court lacks subject matter jurisdiction over the claims against him. On June 17, 2011, Padgett objected to West's motion or moved, in the alternative, to sever and remand the claims against West and the Sheriff to state court.

Padgett claims that West's actions concerning the impoundment of his vehicle violated South Carolina Code sections 56-5-5630 and 56-5-5635, specifically by failing to notify, improperly charging, and failing to provide an inventory of items contained in the vehicle.  While Padgett's complaint alleges generally that defendants violated the Fourteenth Amendment, Padgett did not plead that West was a "state actor" or that West has "a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions," as required by 42 U.S.C. § 1983.  Debauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999).

This court, however, finds that supplemental jurisdiction is appropriate over the claims against West because these claims are "so related" to the claims against the Sheriff "that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367.  Padgett claims that his vehicle was impounded incident to his arrest and sues the Sheriff and West for improper notification, charging, and handling/inventory of his belongings.  Based on the allegations in the complaint, this court has subject matter jurisdiction over claims that the Sheriff's actions violated the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.  This court has not reviewed the claims against defendant West and the Sheriff under the 12(b)(6) standard,[1] as no motion to dismiss for failure to state a claim is currently before the court.

The same facts that make up Padgett's Fourteenth Amendment claims against the Sheriff undergird Padgett's state law claims against both the Sheriff and West.  Padgett claims that the Sheriff and West failed to provide each other with information

---

[1] West's motion to dismiss states that it is filed pursuant to 12(b)(6)(1), but only argues that the claim lacks subject matter jurisdiction.  Since there is no Rule 12(b)(6)(1), the court interprets this motion to have been filed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

3

that would protect Padgett's property. Thus, the federal and state law claims against the Sheriff are based on a common nucleus of operative facts as the state law claims against West, "such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding." Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 615 (4th Cir. 2001). At this stage in the litigation, the claims against West Towing and the Sheriff are so related as to form part of the same case and controversy such that supplemental jurisdiction is appropriate. If, however, this court later finds that Padgett's claims against the Sheriff are insufficient, this court may reconsider its grant of supplemental jurisdiction.

### B. Motion to Sever and Remand

After receiving defendant West's motion to dismiss, Padgett objected based on due process and Fourteenth Amendment arguments, or, in the alternative, moved to sever and remand the claims against the Sheriff and West to state court. Based on the foregoing discussion, Padgett's alternative motion is moot.

### C. Motion for Default Judgment or Judgment on the Pleadings

The magistrate judge found that Padgett failed to show that he is entitled to a default judgment or judgment on the pleadings, and therefore, recommended denying the motion. Padgett did not file an objection concerning this motion. Finding no clear error on the face of the record, the court adopts the magistrate judge's recommendation and denies Padgett's motion for default judgment or judgment on the pleadings.

### D.  Motion to Dismiss Claims Against Warden McKie and Robert Peele

On December 20, 2011, Warden McKie and Robert Peele filed a motion for summary judgment.  A Roseboro order was entered by the court on December 21, 2011, and mailed to Padgett, advising him of the importance of a motion for summary judgment and of the need for him to file an adequate and timely response.  Plaintiff was specifically advised that if he failed to respond adequately, defendants' motion might be granted, thereby potentially ending his case.  On February 3, 2012, Magistrate Judge West issued an order directing Padgett to advise the court whether he wished to continue with the case and to file a response to defendants' motion for summary judgment by February 21, 2012.  Padgett failed to respond to the motion for summary judgment.  Based on the foregoing, this court accepts Magistrate Judge West's recommendation to dismiss the claims against Warden McKie and Robert Peele with prejudice for failure to prosecute.

### III.   CONCLUSION

For the foregoing reasons, the court **ADOPTS IN PART** Magistrate Judge Gossett's R&R, **DENIES** defendant West's motion to remand and Padgett's motion for default judgment or judgment on the pleadings, and **FINDS AS MOOT** Padgett's motion to remand.  Furthermore, this court **ADOPTS** Magistrate Judge West's R&R and **DISMISSES** the claims against defendants McKie and Peele with prejudice.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**

5

**UNITED STATES DISTRICT JUDGE**

**March 27, 2012**
**Charleston, South Carolina**